IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT J. RIAZZI, )
        Plaintiff, )
)
  vs )     Civil Action No. 16-1663
)
WELTMAN, WEINBERG & REIS CO., )
LPA, )
        Defendant. )

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge

### I. RECOMMENDATION

Presently pending are two motions: 1) A motion for Judgment on the Pleadings [ECF No. 11] filed on behalf of Defendant Weltman, Wienberg & Reis Co., LPA ("Weltman"); and 2) a Motion for Leave to File an Amended Complaint [ECF No. 18] filed on behalf of Plaintiff Robert J. Riazzi ("Plaintiff"). For the reasons stated herein, it is respectfully recommended that the Motion for Judgment on the Pleadings be granted and the Motion to Amend the Complaint be denied on the grounds of futility.

### II. REPORT

#### A. Introduction

Plaintiff Robert J. Riazzi filed this case in the Court of Common Pleas of Westmoreland County, Pennsylvania at Case No. 5077 of 2016 ("the State Court Action") on October 14, 2016 against Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). On November 2, 2016,

Defendant removed the case to this Court.

Plaintiff's claims arise out of Defendant's alleged use of false, deceptive, and misleading tactics in collecting a consumer debt in the state court collection initiated on or about October 26, 2015, wherein Weltman filed a complaint in the Westmoreland County Court of Common Pleas in an attempt to collect an obligation owed by Plaintiff. (ECF No. 1 at ¶16). Plaintiff's Complaint alleges[1] that the complaint filed by Weltman did not contain a "Notice of Duty to Appear at Arbitration Hearing" as is required by Westmoreland County Local Rule 1301(c)(1). (ECF No. 1 at ¶ 19). Moreover, on or about January 26, 2016, Defendant served written discovery requests upon Plaintiff which included Requests for Admission and Requests for Production of Documents. (ECF No. 1 at ¶ 20). Plaintiff alleges that the written discovery requests were improper because the Local Rules of Civil Procedure of Westmoreland County limit written discovery in arbitration cases to specific interrogatories and specific requests for production. (ECF No. 1 at ¶¶ 21-22).

Defendants' Motion for Judgment on the pleadings was filed on January 10, 2017. (ECF No. 11). On February 23, 2017 Plaintiff filed a Motion for Leave to file Amended Complaint, attaching the proposed Amended Complaint ("PAC") thereto. (ECF Nos. 18, 18-2). Defendants oppose the amendments because they say there is no discernable difference between the PAC and the original Complaint that was subject to Defendant's Motion for Judgment on the Pleadings. According to Defendants the PAC merely disguises the untenable claims of FDCPA violations asserted in the original Complaint, and thus, the Motion to Amend should be denied as futile because Plaintiff fails to allege a plausible claim under the FDCPA.

**B. Allegations in the Proposed Amended Complaint**

The initial Complaint alleges a single Count pursuant to the FDCPA. The PAC sets forth separate counts for each claim for each subsection of the FDCPA that was violated, removes the allegation that the failure to attach an arbitration notice was a violation of the FDCPA, and adds an attachment (the Motion for Summary Judgment filed in the CCP case).

Riazzi is a resident of Westmoreland County (PAC ¶ 9) and Defendant Weltman is a business with offices in Ohio. (PAC ¶11). Weltman is a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. (PAC ¶12). Weltman was employed by Discover Bank to attempt to collect the debt allegedly owed by Plaintiff. On or about September 9, 2015, Weltman obtained a judgment in favor of Discover Bank and against Riazzi at Magisterial District Court 10-1-01 in Westmoreland County, Pennsylvania (PAC ¶¶16, 17). On or about October 5, 2015, Riazzi filed a timely appeal to the Court of Common Pleas of Westmoreland County, Pennsylvania (the "CCP Case"). (PAC ¶¶18). On or about October 26, 2015, Weltman filed a complaint against Riazzi in an attempt to collect the Debt in the CCP Case. (PAC ¶19). On or about November 12, 2015, Riazzi filed a pro se answer to the complaint in the CCP Case. The amount in controversy in the CCP Case was $3,861.11 and therefore it was a compulsory arbitration case pursuant to Westmoreland County Local Rule 1301. (PAC ¶21).

Westmoreland County Local Rule 1301.1 provides in relevant part:

> (a) A party to compulsory arbitration proceedings shall be limited, prior to the arbitration hearing, to the discovery hereinafter set forth, unless additional discovery is deemed necessary by counsel and is permitted by

---

[1] This allegation does not appear in the proposed Amended Complaint, however, and Plaintiff does not intend to pursue this claim. (ECF No. 28 at n.1).

> the court upon cause shown.
>
> …
>
> d) Discovery to any party shall be limited to the following, applicable fourteen interrogatories and requests for production of documents…
> (emphasis added).

(PAC ¶24).

It is alleged that without the requisite court approval, on or about January 26, 2016, Weltman served "Plaintiff's First Request for Admissions and Request for Production of Documents" in an attempt to collect the Debt (the "Discovery Requests"). (PAC ¶26). Implied in those Discovery Requests, Weltman made the assertion to Riazzi that Weltman was permitted to make the Discovery Requests. (PAC ¶28). Weltman stated in Instruction 1 of their Discovery Requests, that "each of these matters of which an admission is requested shall be deemed admitted unless your sworn statement in compliance with such Rules is timely made." (PAC ¶ 29). At the time Weltman made the aforementioned statement, no "Rules" permitted them to submit the Request for Admissions and therefore there was no legitimate threat that the request shall be deemed admitted unless Riazzi responded. (PAC ¶30). Weltman filed a motion for summary judgment on or about May 11, 2016 in an attempt to collect the debt, based on Riazzi's failure to respond to the improper Request for Admissions ("Motion for Summary Judgment"). A copy of the Motion for Summary Judgment is attached to the Proposed Amended Complaint as Exhibit A. (PAC ¶31, ECF No. 18-2 at pp. 11-13).

Riazzi alleges the motion for summary judgment violated the Westmoreland County Local Rules, and further, that Weltman attempted to sidestep the legal protections provided by the Westmoreland County Local Rules and the arbitration hearing process. (PAC ¶ 32). In the

4

Motion for Summary Judgment, Weltman stated "The requests for admissions are now deemed admitted." (PAC ¶ 33 citing Page 3, Paragraph 6 of Exhibit A). Weltman went on to state in Paragraph 7 of their Motion for Summary Judgment that the Request for Admissions were "deemed admitted" and that "[Riazzi] ha[d] admitted all facts material to this matter and verified the amount owed." (PAC ¶ 34, ECF No 18-2 at 13).

Riazzi hired an attorney to assist him in the CCP Case, who on or about May 17, 2016, prepared and served on Weltman a motion seeking to disallow the Discovery Requests. (PAC ¶¶ 36, 37).

Having been notified of its procedural error, on or about June 10, 2016, Weltman withdrew its Motion for Summary Judgment. (PAC ¶38).

Riazzi alleges to have suffered damages including denial of access to truthful information, fear, worry and confusion, and incurred attorney's fees, as a direct result of Weltman's allegedly unlawful debt collection tactics. (PAC ¶ 39). Riazzi alleges further that allowing Weltman to continue its practice of illegally seeking discovery and filing motions for summary judgment against *pro se* consumers would competitively disadvantage those debt collectors who do comply with the Westmoreland County Local Rules, which is one of the express intentions for enacting the FDCPA. (PAC ¶ 40).

Count I of the PAC alleges violations of 15 U.S.C. § 1692e (a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt). Count II alleges Weltman violated 15 U.S.C. § 1692e(5) (prohibiting a debt collector to make a "threat to take any action that cannot legally be taken.") Count III alleges Weltman violated 15 U.S.C. § 1692e(9) ("the use or distribution of any written communication which … is

falsely represented to be a document authorized…or approved by any court…of…any State" constitutes a violation of the FDCPA). Count IV alleges Weltman violated 15 U.S.C. § 1692e(10) (prohibiting "[t]he use of any false representations or deceptive means to collect or attempt to collect any debt.") Count VI alleges Weltman violated 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt").

This court has jurisdiction in this matter pursuant to 15 U.S.C. § 1692k(d)4 and 28 U.S.C. § 1331 because plaintiff's Complaint alleges that defendant violated the Fair Debt Collection Practices Act and thus poses a federal question. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to plaintiff's claims arose within the Western District of Pennsylvania.

**B. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and [it] is entitled to judgment as a matter of law." *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica,* 416 F.3d at 220. A party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Fed. R. Civ. P. 12(c).

Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public

record. However, where, as here, a motion for judgment on the pleadings asserts that plaintiff fails to state a claim upon which relief can be granted, courts consider the motion under the same standard as a Rule 12(b)(6) motion even where no motion to dismiss under Rule 12(b)(6) has been made. *See, e.g., Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir.1991).

A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45,(1957) (abrogated in other respects by *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007)). Generally, in a motion to dismiss, the court relies on the complaint, exhibits, and matters of public record, including other proceedings. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. *Fowler*, 578 F.3d 203, 210 (3d Cir. 2009) *(citing Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, *Fowler,* 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. *Phillips,*

7

515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (*quoting Twombly*, 550 U.S. at 556) (internal quotations omitted). The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. *Fowler*, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210–211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." *Iqbal,* 556 U.S. at 679–680. A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

Rule 15 of the Federal Rules of Civil Procedure make it clear that the court should freely give leave to amend a complaint when amendment is not futile. Fed. R. Civ. P. 15(a)(2).

**C. Discussion**

Riazzi's central argument is that, regardless of whether Weltman's alleged improper use of discovery or failure to provide required notices violated the local court rules, Weltman's conduct stands alone as constituting violations of the FDCPA. Riazzi alleges that Weltman used

8

communications containing false, deceptive and misleading statements, and further, their conduct shows a use of unfair or unconscionable means to attempt to collect a consumer debt.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual privacy." Id. § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). Furthermore, "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir. 2011).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). Here, Plaintiff has alleged all four elements (PAC at ¶¶ 10, 12, 14, 15, 40, 43, 44, 49-52, 54-57, 59-62, 64-67)  There is no dispute as to the adequacy of the

9

pleading the first three prongs. At issue is the fourth prong: whether Weltman violated a provision of the FDCPA in attempting to collect the debt.

We note that there is no allegation that anything in the state court complaint was false, that the amount of the debt owed was misstated, or that the complaint filed in the Court of Common Pleas was baseless.

Section 1692e of the FDCPA provides, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* **

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

***

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f prohibits the use of "unfair or unconscionable means to collect a debt." 15 U.S.C. §1692f. Section1692f "operates as a catchall for conduct that is recognizably unfair, but not explicitly enumerated in other sections of the FDCPA." *See Shand–Pistilli v. Professional Account Services, Inc.,* 2010 WL 2978029, at *6–7 (E.D. Pa. July 26, 2010)..

A communication is deceptive for purposes of the FDCPA if "it can be reasonably read to have two or more different meanings, one of which is inaccurate, viewed from the perspective of

the least sophisticated consumer." *Reed v. Pinnacle Credit Services, LLC*, 2009 WL 2461852, at *4 (E.D. Pa. Aug. 11, 2009). The Court of Appeals for the Third Circuit applies a "least sophisticated consumer" standard to analyze the protections afforded under the FDCPA, including whether a debtor would be confused or misled by contradictory or overshadowing information contained in debt collection notices. *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991). This standard is lower than that of a reasonable debtor, and reflects the policy of the FDCPA to protect both shrewd and gullible consumers. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

Plaintiff argues that his claim that Weltman's actions violate the FDCPA is supported by the holdings in *Simon, McCollough,* and *Sayyed*.

In *McLaughlin v Phelan Hallinan & Schmieg*, LLP, 756 F.3d 240, 248 (3d Cir. 2014), a case which preceded *Kaymark,* a mortgagor alleged that a law firm representing the mortgagee had falsely represented the amount of the debt in a debt collection demand letter by including not–yet–incurred fees. The Third Circuit held that the mortgagor had stated a claim under § 1692e, reasoning that "[a]s the drafter of the Letter, [the law firm] is responsible for its content and for what the least sophisticated debtor would have understood from it." 756 F.3d at 246.

Soon thereafter the rationale was extended from a demand letter to a formal pleading in a foreclosure action in *Kaymark v. Bank of America, N.A.,* 783 F.3d 168 (3d Cir. 2015). In *Kaymark*, a mortgagor alleged that when a law firm initiated foreclosure proceedings on behalf of the mortgagee, the body of the foreclosure complaint filed by the law firm falsely represented the amount of the debt in violation of § 1692e by including not–yet–incurred attorneys' fees, title report fees, and property inspection fees. *Id.* at 171. Despite the fact that the alleged

11

misrepresentation was contained in a foreclosure complaint, the Third Circuit held that the mortgagor had adequately stated a claim under § 1692e, upon an analysis of "the statutory text, as well at [sic] the case law interpreting the text[.]" *Id.* at 176.

In so holding, court first noted that it is "well–established in this Circuit" that "the FDCPA covers attorneys engaged in debt collection litigation[.]" *Id.* at 176–77 (citing *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (holding that attorneys "engage[d] in consumer–debt–collection activity, even when that activity consists of litigation" are covered by the FDCPA); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir. 2005) ("[I]f a communication meets the [FDCPA's] definition of an effort by a 'debt collector' to collect a 'debt' from a 'consumer,' it is not relevant that it came in the context of litigation.")). Second, the court observed that Congress has not specifically excluded formal pleadings in foreclosure actions from the FDCPA. "Subsequent to *Heintz*, Congress twice amended the statute and exempted 'formal pleading[s] made in connection with a legal action' from 15 U.S.C. § 1692e(l1), as amended Pub. L. No. 104–208, § 2305(a), 110 Stat. 3009 , 3009–425 (1996), and 'communication[s] in the form of formal pleading[s]' from § 1692g(d), as amended Pub.L. No. 109–351, § 802(a), 120 Stat. 1966 (2006)." *Id.* at 177. "If Congress had wanted to exclude formal pleadings from the protections of the FDCPA under any of its other provisions, it could have done so. It did not. Thus, except for §§ 1692e(11) and 1692g(d), '[t]he amendment[s] by [their] terms in fact suggest that all litigation activities, including formal pleadings, are subject to the FDCPA.'" *Id.* (quoting *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 231 (4th Cir. 2007)). Ultimately, the Third Circuit concluded "that a communication cannot be uniquely exempted from the FDCPA because it is a formal pleading, or in particular, a complaint" and noted that

"[t]his principle is widely accepted by our sister Circuits." *Id.* (citing cases); *see also id.* at 179 (concluding that the FDCPA does not "exclude foreclosure actions from its reach").

Both sides cite to *Gomez v. Oxford Law, LLC*, 657 Fed. App'x 141 (3d Cir. 2016), in which a consumer brought action alleging that debt collector violated the FDCPA by leaving her prerecorded message that did not identify it or individual placing call at beginning of message, in violation of the Telephone Consumer Protection Act which requires an entity placing a telephone call using a prerecorded voice to identify the entity "at the beginning of the message." The court affirmed the district court's granting of the debt collector's motion for judgment on the pleadings and denied Gomez's cross-motion for summary judgment. *Id.* at 143. The phone message did not contain any false, deceptive or misleading content in the prerecorded message. The Court held that the challenged message did not trigger liability under § 1692e(5) of the FDCPA because § 1692e(5) "applies only to threats to take any action that cannot legally be taken or that is not intended to be taken," and not to illegal acts themselves, and because "even if the court were to construe section 1692e(5) to include both threats and illegal acts, Oxford Law's technical violation of the TCPA—the illegal act—is not the type of illegal act the FDCPA prohibits." *Gomez*, 2015 WL 58766, at *4 (M.D. Pa. Jan. 5, 2015). The district court had noted that "no court has extended section 1692e(5)'s "illegal act" language to a technical violation of another law. 2015 WL 58766, at *5.

The Court of Appeals agreed, noting the plaintiff's failure to:

> explain how the TCPA violation she has alleged qualifies as a "false, deceptive, or misleading representation" prohibited under § 1692e or, more broadly, as an "abusive, deceptive, and unfair debt collection practice[ ]" that the FDCPA is designed to remedy, 15 U.S.C. § 1692(a). *See Jensen,* 791 F.3d at 421 ("[I]f a statement would not mislead the unsophisticated consumer, it does not violate the

13

> [Act]—even if it is false in some technical sense.") (quoting *Hahn v. Triumph Partnerships LLC,* 557 F.3d 755, 758 (7th Cir. 2009)); *Campuzano–Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294, 300 (3d Cir. 2008) (rejecting § 1692e claim where challenged settlement offers were not deceptive). It follows that the alleged TCPA violation cannot be construed as a false or legally baseless "threat to take ... action" as required to trigger § 1692e(5).

657 Fed. App'x at 143-144.

In *Psaros v. Green Tree Servicing*, 2015 WL 9412922, Civil Action No. 15–4277 (December 21, 2015), the court faced a similar allegation of a technical procedural rule as the one herein. The court denied a defendant law firm's motion for judgment on the pleadings and held that plaintiff's allegation it had falsely represented the amount of the debt was sufficient to state a claim under § 1692e(2). 2015 WL 9412922 at * 7. The law firm on behalf of a debt collector had filed the State Court Notice of Motion and State Court "Certification of Diligent Inquiry" in an attempt to collect the debt on behalf of the mortgagee. After noting that the FDCPA was enacted to protect consumers from abusive debt collection practices and that the court must analyze the communications from the perspective of the least sophisticated debtor, the court held there had been a false representation primarily because the amount of the debt was misstated. This was consistent with *Kaymark* and *McLaughlin*, as well as a plain reading of the statute which prohibits the false representation of the amount of any debt.

In *Harvey v. Great Seneca Financial Corporation*, 453 F.3d 324 (6th Cir.2006), defendants, a debt collector and its law firm, filed a state court complaint against plaintiff to collect two delinquent accounts. *Id.* at 326. After being served with the complaint, plaintiff filed an answer and sought discovery from defendants regarding the ownership, origination, and amount of the debts. *Id.* Defendants refused to produce documents responsive to her requests,

14

which prompted plaintiff to file a motion to compel. *Id.* Rather than contest the motion, defendants dismissed the complaint. Plaintiff then brought an action in federal court alleging defendants violated the FDCPA by "filing ... a state-court collection action knowing that it 'had no documentation' to prove the debt." *Id.* Among other provisions, plaintiff claimed the lawsuit violated 15 U.S.C. § 1692e(10), which prohibits the " 'use of any false representation or deceptive means to collect or attempt to collect any debt.' " Id. at 329 (quoting 15 U.S.C. § 1692e(10)). The district court granted defendants' motion to dismiss.

On appeal, the Sixth Circuit first determined that plaintiff "alleged only that, at the time of filing, [defendants] did not have the means of proving their debt-collection claim." *Id.* at 328. Based on this understanding of plaintiff's complaint, the court held that defendants' alleged conduct did not violate the FDCPA. The court reasoned that plaintiff never denied that she owed the debt or alleged that defendants in the underlying state court action falsely represented the existence or amount of the debt. *Id.* at 332. As such, the mere filing of a lawsuit without immediate means of proof was not a misrepresentation or deceptive under § 1692e(10). *Id.; see also Deere v. Javitch, Block & Rathbone, LLP*, 413 F.Supp.2d 886, 891 (S.D. Ohio 2006) ("[Plaintiff] essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.").

We find that the facts as alleged do not support a claim of FDCPA liability. The technical violations alleged here are: the sending of requests for admissions without leave of court to exceed the permitted fourteen interrogatories and production of documents, the invocation of Pennsylvania Rule of Civil Procedure 4014(b) which provides that failure to answer request for admission deems those requests as being admitted, the citation to the civil

15

procedure rule that unanswered requests for admission are "deemed admitted" and that Riazzi had "admitted all facts material to this matter and verified the amount owed," and the filing of a motion for summary judgment rather than recognizing the requirement for compulsory arbitration pursuant to Westmoreland County Local Rule 1301. These incidents arose after the civil action had been filed in a Magisterial District Court, after Weltman had obtained a judgment in favor of Discover Bank, after Riazzi filed a timely appeal to the Court of Common Pleas of Westmoreland County, and after Weltman had filed a complaint in an attempt to collect the debt. In other words, there was no threatened "action" because the lawsuit "action" had already been initiated. More to the point, there is not allegation that amount of the debt was inaccurately stated. Weltman's actions are not the type of illegal act the FDCPA prohibits because the communication at issue did not violate a relevant, material provision of the statute.

  Accepting all well pleaded allegations of the complaint and the PAC (should leave to amend be granted) as true and viewing them in the light most favorable to plaintiff, and even viewing plaintiff's factual allegations from the perspective of the "least sophisticated consumer," plaintiff's claims that Weltman made false, deceptive or misleading representations under Sections 1692e, 1692e(5), 1692e(9), 1692e(10) and 1692f of the FDCPA are insufficient as a matter of law. Plaintiff has not stated a claim upon which relief can be granted. Under a fair reading of the statute and applicable case law, Riazzi is unable to establish that the alleged violation is capable of influencing the decision of the least sophisticated debtor, and we do not see how the technical violation of the state court local rules – where the amount of debt was not misstated -- qualifies as a "false, deceptive or misleading representation" prohibited under § 1692e or, more broadly, as an "abusive, deceptive and unfair debt collection practice" that the

FDCPA is designed to remedy.

**D. Conclusion**

For the reasons stated herein, it is respectfully recommended that Plaintiff's Motion to File an Amended Complaint be denied as futile because the Proposed Amended Complaint fails to allege a legally and factually plausible cause of action under the FDCPA, and the Motion for Judgment on the Pleadings be granted and the Complaint be dismissed with prejudice.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: April 27, 2017

                                                  s/Robert C. Mitchell
                                                  ROBERT C. MITCHELL
                                                  United States Magistrate Judge

cc:    record counsel
       Hon. David S. Cercone